Curia, per

Frost, J.
To the plea of the Statute of Limitations in this case, the plaintiff replied that on the 26th December, 1839, within four years after the cause of action accrued on the joint and several note of Robert P. and William Mayrant, the plaintiff had sued out and lodged in the office of the sheriff of Richland district, a joint writ against them, with the intent that the plaintiff might declare against them for the said joint note; and that on the 13th of March, 1840, before the writ was returnable, William Mayrant died, and thereby the said suit as to them abated, and the proceedings, as to him, ceased and *484 were wholly determined, discontinued, and ended; and that afterwards, on the 20th of February, 1841, within a year next after the death of William Mayrant, the plaintiff sued out a several writ against the defendant, as executrix of the said William Mayrant, and delivered the said writ to the sheriff of Richland district, with intent to implead the defendant for the said note. The continuances of that suit are regularly and fully set out, with the returns of the sheriff, connecting it with the last writ on which the plaintiff declared. No return of the sheriff to the joint writ, with respect to either of the defendants, is set out in the replication, nor any statements of further proceedings against Robert P. Mayrant. To this replication, the defendant demurred, and now moves to reverse the order •of the Circuit Court, overruling the demurrer, on the ground set forth in the brief.
All the objections to the replication, embraced in the grounds of appeal, proceed on a misconception of the form and effect of it. They are directed against the sufficiency of the replication to support the plaintiff’s action, as a continuance of the joint suit against Robert and Wm. Mayrant. There is no doubt that if the plaintiff designed to except her case from the Statute of Limitations, by shewing a continuance of a former suit sued out within four years, she must shew a continuance of the same action, from the first to the last writ; that a several writ is not a continuance of a joint writ; and that to maintain such a continuance, the return of the first writ should have been set out in the replication, and produced at the trial. Atwood vs. Burr, 7 Mod. R. 3; Harris vs. Woodford, 6 T. R. 617; Brown vs. Babbington, 2 Lord Raymond, 833 ; Parsons vs. King, 7 T. R. The plaintiff has, accordingly, in stating the continuances of the writ against the defendant, set out the returns of the sheriff. The return of the joint writ need not be set out, because the plaintiff avers and supports her replication on that averment, that the joint writ was abated against William Mayrant by his death, and that within a year after his death, she sued out a several writ against the defendant, and relies on the constructive extension of the 4th section of the Statute of Limitations, that in cases wherein the progress of the action has been *485 arrested by the death of either of the parties to the suit, a reasonable time is allowed, within which a first action may be brought. Hunter vs. Glen, 1 Bail. 545; Martin vs. Archer, 3 Hill, 210. On the authority of these cases, it is not denied that if the first writ sued out by the plaintiff had been a several writ against William Mayrant, the plaintiff' would have had a year after his death, within which to bring this action, and that the bar of the statute would have been prevented. But it is insisted that the cause of action being joint and several, the plaintiff had the option of a joint or several writ, and having chosen a joint action, shall be held to her election; that a joint writ cannot be abated in part or against one of the parties only, because the Act of 1746, (7 Stat. 193,) provides that if there be two or more joint plaintiffs or defendants, and one or more of them shall die, if the cause of such action shall survive to the surviving plaintiff or plaintiffs, or against such surviving defendant or defendants, the writ or action shall not be thereby abated, but such death being suggested on the record, the action shall proceed at the suit of the surviving plaintiff- or plaintiffs, against the surviving defendant or defendants ; and that when the Act says the action shall proceed against the surviving defendant or defendants, it precludes any abatement against a deceased party, and that plaintiff can, therefore, only maintain her action by shewing it to be a continuance of the suit.
It is manifest that a several writ cannot be a continuance of a joint writ, so that the last alternative is precluded. But the action may be abated as to one, though it be continued against the other joint defendant. The terms of the Act, that the action u shall proceed at the suit of the surviving plaintiff,” which were insisted on in argument, so obviously, from the context and intention of the Act, mean “may,” that is unnecessary to argue the point. It could not be intended to prevent a discontinuance. Before the Act, by the death of either joint defendant, the suit abated against both defendants. The Act only provides that in such case the suit shall not abate against the survivor, and is silent respecting the action against the deceased party. It, therefore, remains, as before the Act, abated. By the death of a joint defendant, the action must abate, as *486 against him, with or without the statute; for the suit can be no longer prosecuted against the deceased party. It is discontinued against him, and a discontinuance by death is an abatement. This is the reasonable construction of the Act. It is remedial, and intended to prevent the delay of a fresh action against the survivor, when a joint defendant dies, and should not beso construed that, while conferring this benefit, it should deprive the plaintiff of any remedy for the recovery of his debt, which he before possessed. If a joint action had been brought before the Act on a joint and several cause of action, which abated against both by the death of one of the parties, the plaintiff might have commenced a separate action within a year against the survivor, and the representatives of the deceased party. The plaintiff should not be deprived of this advantage, because the statute prevents the abatement of the suit against the survivor. If the survivor should die pending the action against him, the plaintiff may renew it against his personal representative within the year. The plaintiff should not be deprived of the same remedy against the representatives of the party first dying. In both cases the suit is arrested by death. They are equally within the reasons of the exception from the statute, which permits an action abated to be renewed within a year, and should equally have the benefit of it. No argument of inconvenience or injustice can be urged against this construction.
The judgment of the Circuit Court, overruling the demurrer, is affirmed, and the motion refused.
Richardson, O’Neall, Evans, Butler, and Wardlaw, JJ. concurred.